SAWYER *v.* BENNETT *et al.*

(*Supreme Court, General Term, First Department.* February 18, 1892.)

PLEADING—BILL OF PARTICULARS—WANT OF AFFIDAVIT.

In an action for libel, plaintiff alleged that "many persons have, in consequence thereof, and do still refuse to employ or trade with plaintiff." Defendant moved for a bill of particulars, showing the names and addresses of such persons, but filed no affidavit showing his necessity for such information. *Held,* that the motion was properly denied.

Appeal from special term, New York county.

Action by Lucius W. Sawyer against James Gordon Bennett and others for libel. From an order denying a motion for a bill of particulars, defendant James Gordon Bennett appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*John Townshend,* for appellant. *Warner & Frayer,* (*Eugene Frayer,* of counsel,) for respondent.

O'BRIEN, J. This is an appeal from an order denying defendant's motion for a bill of particulars, and a further extension of time to answer, with leave to defendant to renew his motion for the bill of particulars, after the cause is at issue, upon proper affidavits. The action was for alleged libels. The complaint set forth nine alleged causes of action, and among the allegations was one that "many persons have, in consequence thereof, and do still refuse to employ or trade with this plaintiff." What was sought by the motion was a bill of particulars of the names and addresses of the persons who, it is alleged in the complaint, in consequence of the alleged libel, have refused to trade with plaintiff. The motion was denied, with costs to abide the event, with leave to renew, after issue joined upon proper affidavits, for the reasons, as stated by the learned judge below, that no affidavit was presented showing sufficient reasons for the motion then being granted; that the case was not at issue; that it did not appear that the defendant was without knowledge of the persons who refused to employ plaintiff; and that the particulars asked for do not appear to be necessary to enable the defendant to answer. The disposition made on the motion by the judge was proper, unless the defend-

ant had an absolute right, at any stage of the case, to the bill of particulars sought. It was not shown, nor does it appear, that such particulars were necessary to enable defendant to answer, and the other objections as to the sufficiency of the affidavits used on the motion, and referred to by the judge, are apparent. It has been frequently held by this court that a mere application for a bill of particulars will not be granted, unless facts are shown, by proper affidavit, that the party is entitled to such bill of particulars, and where, as here, it is evident that the particulars sought are not necessary to enable the defendant to answer, but may be required upon the trial, proper affidavits as the basis of the application must be presented. We are of opinion, therefore, that the disposition made of the motion was proper, and that the order appealed from should be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., concurs.

PATTERSON, J. I concur on the ground that it does not appear that the furnishing of a bill of particulars is necessary now. After issue joined, it may be proper to renew the application, and therefore the order made below was right.